Kinkade, J.,
 

 dissenting. I regret that I am unable to agree with the majority of the court in the conclusion reached in this case.
 

 This is an action sounding in contract, and not in tort. "When Boyd signaled the approaching street car to stop for him at a regular stop, and then took his position in the street near the stopped car, with a view of entering the car as a passenger, he became a passenger so far as the street car company was concerned, and the company was under legal obligation to not injure him by its own negligence, even though he had not at the time formed a contact with any part of the car. There are many decisions in which the liability of the company has been fixed in instances of this kind, such as the falling' of a trolley pole, and the like, injuring persons waiting to become passengers. These cases throw no light on the question involved in this action. It would not be contended for a moment by any one that Boyd became a passenger riding in the car as such, by merely standing near the car, awaiting an opportunity to enter as a passenger. The step on this car was not a step which projected outwardly beyond
 
 *520
 
 the outside line of the oar. When the door of the car was closed, no one could step on this step from the outside. Passengers on the inside of the car could stand and ride on this step as the car approached a point at which they desired to leave the car. Riding in this position, they would be able to leave the car quickly when the car stopped and the door was opened by the conductor; and, had Boyd been so riding, without doubt he would have been a passenger riding on one of the steps of the car, and permitted so to ride by the conductor in charge of the car. There is not a syllable of evidence in the record tending to prove that the street car company ever permitted anybody to ride on this step with the door open and the car in motion. This step, and another inside the door, were used for passengers entering and leaving the car, and it is the duty and practice of the conductor to close the door as he gives the signal to the motorman that the car is ready to proceed, all of which the judges of the Court of Appeals were fully familiar with.
 

 In this instance, for some unaccountable reason, not made apparent by the record, the conductor failed to note that there were two passengers attempting to enter the car, one immediately behind the other, at the time he closed the door and gave the signal to proceed, after the first party had entered the car. This act of the conductor in closing the door to some extent engaged Boyd’s foot that he had placed on the step at about the same instant that he took hold of the grab handle with one of his hands. As the door engaged Boyd’s foot, it also barred the entry of his body into the car. Every act of Boyd was in accord with the usual practice of
 
 *521
 
 people in general when entering a street car. Boyd’s testimony was that he could not tell with which foot he stepped onto the first step, which was near the ground, or with which hand he took hold of the grab handle, and it is not of the slightest moment in this case which hand and foot he used first. The car started on the signal of the conductor, and in a second or two the accident happened, according to Boyd’s testimony, concurred in by three other witnesses in his behalf.
 

 Boyd, in the position stated, was only about 3 feet from the rear end of the bus, and there was only a space of about 12 inches, or a little mote, between the side of the bus and the side of the street car. Under the circumstances, a serious injury to Boyd was inevitable. He was rolled between the side of the bus and the side of the car, while he was in a vertical position, and was turned around three or four times in that space, as he says himself, and when the vehicles separated, so as to permit, he fell to the ground in an unconscious condition, and remained so for some little time afterwards.
 

 Boyd told his story on the witness stand, as did the three corroborating witnesses, in a plain, simple manner, evidently intending to tell all the facts. It is made entirely clear by the record that every fact that anybody knew anything about was testified to by Boyd and the only three other eyewitnesses to the accident. There is no substantial conflict in any particular in the testimony of these witnesses.
 

 At the close of the evidence, both parties moved the court for directed verdict. This amounted to a waiver on both sides of the right to submit the case to the jury, and the case was tried and decided by
 
 *522
 
 the trial judge in all respects as it would have been tried and decided had the jury been waived at the commencement of the action before the jury was impaneled at all. Manifestly the trial judge passed upon the weight and sufficiency of the evidence in deciding the case in favor of Boyd. One of the grounds of the motion for new trial on the part of the indemnity company, which motion was overruled and exceptions saved, was that the decision of the trial judge was not sustained by sufficient, evidence, and was plainly and manifestly contrary to the evidence. One of the errors assigned in the petition in error filed by the indemnity company in the Court of Appeals was that the trial court had erred in overruling the motion for a new trial based on the ground that the judgment was not sustained by the evidence and was contrary to the evidence.
 

 It is said in the majority opinion here that the Court of Appeals did not reverse the case on the weight of the evidence. I am unable to so read the opinion and journal entry of the Court of Appeals. I think that the court did reverse the case on the ground, among others, that the judgment of the trial court was against the weight of the evidence, and manifestly contrary to the evidence. It is true that the journal entry includes the words “in law” in connection with the finding that the evidence is insufficient to sustain the judgment. I think it is an overstrained construction to say that the Court of Appeals did not reverse on the weight of the evidence.
 

 In my opinion this case was squarely within Rule XIX of this court, and the proceeding in error here should have been dismissed on that ground. It is
 
 *523
 
 very true that the journal entry of the Court of Appeals found in effect that, even if all the testimony given in the case was true, it could not be held to be sufficient to sustain a judgment in favor of Boyd.
 

 It is contended that even if the Court of Appeals was right in reversing the case, it had no authority to enter final judgment in favor of the indemnity company. Every fact that existed in connection with this injury was brought into the trial of the case, and when the plaintiff rested his case it was entirely evident to everybody that nothing further could be developed in the case than had already been developed. Nobody connected with the case then thought, or now thinks, that if there were retrial of the case, other and further facts could be produced with respect to what happened at the time of the injury. It would have been an entirely vain thing for the Court of Appeals to have remanded the case for a further hearing. Had this been done, the trial court would have been obliged, following the decision and opinion of the Court of Appeals, to instruct the jury that these facts alone did not justify a verdict and judgment in favor of Boyd, and that would have placed the case precisely where it was before it was remanded. The Court of Appeals, after reversing the judgment entered in the trial court, did the only practicable and sensible thing that could be done under the facts attending the case.
 

 . The parties to this insurance contract understood its terms. The contract was plain, simple, and unambiguous, and it did not cover accidents that might happen to persons entering or leaving a street car. I think this court takes an entirely unwarranted
 
 *524
 
 liberty in writing into the contract an obligation that was not written there by the parties to the contract. The amount involved is not large, but the principle involved is very important! I regret that this court did not follow the very able opinion written by the Court of Appeals, and affirm the decision of that court.